UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                      Case No: 8:16-mc-39-T-33JSS

RICHARD E. CULLINAN,

    Respondent.
_____/

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on United States of America's Petition to Enforce Internal Revenue Service Summons ("Petition"). (Dkt 1.) Pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), Petitioner, United States of America, requests an order directing Respondent, Richard E. Cullinan, to show cause as to why he should not comply with the summons issued by the Internal Revenue Service ("IRS").

## BACKGROUND

On July 23, 2015, the IRS issued a summons to Respondent, a Tampa, Florida resident, directing him to appear before Revenue Officer James Livingston on August 5, 2015, to give testimony and to produce for examination and copying certain records set forth in the summons. (Dkt. 1-2.) The summons was issued pursuant to an investigation of Respondent for the collection of tax liabilities for the years 2000 to 2006 and was served on Respondent by personal delivery. (Dkt. 1.) According to Petitioner, Respondent failed to appear or otherwise comply with the summons. (Dkt. 1.) Consequently, Petitioner filed the instant Petition to enforce the summons. (Dkt. 1.)

**APPLICABLE STANDARDS**

The IRS is authorized to issue a summons to aid its investigation of an outstanding tax liability. 26 U.S.C. § 7602(a). Specifically, "[a] summons may be issued to take any testimony of the person concerned and to summon the person liable for the tax to produce books, papers, records, or other data that may be relevant to the inquiry." *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008) (citing 26 U.S.C. § 7602(a)). A district court has explicit jurisdiction to enforce the summons against a person who "resides or may be found" in the district. *United States v. Rice*, 522 F. App'x 540, 541 (11th Cir. 2013) (citing 26 U.S.C. § 7402(b)).

To obtain judicial enforcement of a summons, the government must show the following: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to the legitimate purpose for which the summons was issued; (3) the information sought is not already within the IRS's possession; and (4) the appropriate administrative steps have been followed. *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)). An officer's declaration is sufficient to establish a prima facie case for enforcing a summons. *See Morse*, 532 F.3d at 1132 ("The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.").

**ANALYSIS**

The government has established a prima facie case for enforcement. As stated in the Declaration of Revenue Officer James Livingston, the IRS had a legitimate purpose for the summons to conduct an investigation of Respondent's tax liability for 2000 through 2006, the information sought (testimony, documents, and records) is relevant to that purpose, the IRS does not have this information, and all administrative steps required by the Internal Revenue Code have been followed. (Dkt. 1-1.) Additionally, Officer Livingston attests that "[a] Justice Department

referral . . . is not in effect with respect to Respondent for the years at issue in this enforcement action." (Dkt. 1-1.)  *See* 26 U.S.C. § 7602(d)(1) (prohibiting the issuance or enforcement of a summons to any person for whom a Justice Department referral is in effect).  Accordingly, it is

**ORDERED** that United States of America's Petition to Enforce Internal Revenue Service Summons (Dkt. 1) is **GRANTED** to the extent that:

1. A copy of this Order to Show Cause, together with the Petition and its exhibits, shall be served on Respondent in accordance with Federal Rule of Civil Procedure 4 within twenty-one (21) days of this Order.  *See* M.D. Fla. Local R. 6.01(c)(11) (providing that a United States Magistrate Judge is authorized to issue "an attachment or other orders to enforce obedience to an Internal Revenue Service summons to produce records or give testimony").  Pursuant to Rule 4(c)(3), the Court appoints Revenue Officer James Livingston, or any other person designated by the IRS, to effect service in this case.  Petitioner must file an executed return of service with the Court.  Fed. R. Civ. P. 4(l)(1).

2. Respondent, Richard E. Cullinan, is ordered to show cause in writing within twenty-one (21) days of the date he is served with this Order as to why he should not be ordered to comply with the IRS summons served on Respondent on July 23, 2015.  Failure to comply with this Order will result in an order directing Mr. Cullinan to fully comply with the summons and may result in sanctions.

3. The Petition is otherwise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 15, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party